UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY, an Ohio corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>J.R. CONKEY & ASSOCIATES, INC., a California corporation; MARY L. CONKEY, an individual,<br><br>    Defendants. | No.  2:19-cv-02522-JAM-DB<br><br>**ORDER DENYING PLAINTIFF'S APPLICATION FOR RIGHT TO ATTACH ORDERS** |

Great American Insurance Company ("GAIC" or "Plaintiff") sued J.R. Conkey & Associates ("JRCA") and Mary Conkey (collectively "Defendants") for allegedly breaching the terms of their indemnity agreement. Compl., ECF No. 1 ¶ 13. Soon after, Plaintiff filed two Applications for Right to Attach Orders against Defendants. See Attach Order against Mary Conkey ("Conkey's Attach Order"), ECF No. 11, see also Attach Order against JRCA ("JRCA's Attach Order"), ECF No. 12. Defendants opposed attachment. See Conkey's Opp'n, ECF 26, and ECF 23; See also JRCA's Opp'n, ECF No. 21 and 25. Defendant Mary Conkey

1

also filed a claim of exemption of personal property.  Claim of Exemption, ECF No. 26-3.

On June 16, 2020, the Court held a video hearing on the Applications for Right to Attach Orders ("Applications"). Minutes from June 16, 2020 Video Hearing, ECF 35.  After arguments, the Court took this matter under submission.  Id. For the reasons stated below, the Court DENIES Plaintiff's Applications.[1]

I.  FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiff entered into a General Indemnity Agreement ("Indemnity Agreement") with JRCA, Mary Conkey, and James R. Conkey, on January 25, 2017.  Attach Order Memo at 2.  The agreement was made in consideration for Plaintiff issuing bonds on behalf of JRCA as principal.  Id.  In return, Defendants promised to indemnify Plaintiff from any and all liability, loss, cost, damages, expenses, counsel and attorney's fees, claim demands, suits, judgments, orders and adjudications.  Id. at 2-3. As surety, Plaintiff issued payment and performance bonds No. 2159922 ("Bonds") on behalf of JRCA, in connection with a construction project in New York known as the "Northport Project" ("Project").  Id. at 3; see also Opp'n at 3.  JRCA entered into a general contract as a sub-contractor on the Project with the

---

[1] Although there are separate filings for each brief, each filing has the same brief.  Only the briefs involving arguments as to Defendant Mary Conkey have additional sections addressing those arguments.  Therefore, when referring generally to each brief, the Court will be citing to the following briefs: Attach Order, ECF No. 11; Attach Order Memo, ECF No. 11-2; Opp'n, ECF No. 23; Reply, ECF No. 28.

general contractor Noresco LLC. Opp'n at 3. James R. Conkey passed away in March of 2018, but JRCA and Mary Conkey remained responsible for the indemnity agreement. Attach Order Memo at 4.

The parties dispute the series of events leading to Plaintiff's collateral demand. According to Plaintiff, the general contractor on the Project, Noresco LLC, made a claim against the Bonds on November 21, 2019. Id. at 4. Plaintiff alleges at least 10 other subcontractors and suppliers of JRCA have also made claims on the Bonds between December 3, 2019 and January 2020, totaling $8,667,895.05. Id. In response, Plaintiff demanded collateral from Defendants in the amount of $6,427, 291 on December 3, 2019. Id. at 5. Defendants refused Plaintiff's demand. Id. Plaintiff filed its Applications seeking to attach that amount plus anticipated attorney fees.

Defendants dispute that Plaintiff received any bond claims prior to demanding collateral on December 3, 2019. Opp'n at 3. Defendants concede that the Project was "plagued with a number of significant cost-overruns" caused by external factors that led them to fall behind on payments on its sub-contractors and suppliers. Opp'n at 3. While they tried to establish a payment arrangement with sub-contractors, one of the suppliers, Rovanco, refused to cooperate and asserted it was due $2,382,665. Id. But Defendants argue there is no evidence that this claim or the Noresco, LLC claim were made prior to Plaintiff's demand letter. Id.

///
///

II.   OPINION

A.   <u>Legal Standard</u>

Federal Rule of Civil Procedure 64(a) governs prejudgment attachment and other prejudgment remedies.  This rule prescribes that parties are entitled to every prejudgment remedy available "under the law of the state where the court is located."  Fed. R. Civ. Proc. 64(a).  This remedy may include a writ of attachment.  <u>Id.</u>  "Attachment is an ancillary or provisional remedy to aid in the collection of a money demand by seizure of property in advance of trial and judgment."  <u>VFS Financing, Inc. v. CHF Express, LLC</u>, 620 F. Supp. 2d 1092, 1095 (C.D. Cal. 2009)(citations omitted).  This is a "harsh remedy because it causes defendant to lose control of his property before the plaintiff's claim is adjudicated."  <u>Id.</u> (internal citations omitted).

California's attachment law is purely statutory and must therefore be strictly construed.  <u>Id.</u>  Plaintiff has the burden of establishing that attachment is warranted.  <u>Id.</u>  An order of attachment may only be issued if: (1) the claim is based upon a contract; (2) it is a fixed or readily ascertainable amount not less than $500.00; (3) the claim is not secured by an interest in real property; and (4) if the action is against a natural person, it may only be issued on a claim arising out of the conduct by the defendant of a trade, business, or profession.  Cal. Code Civ. Proc. § 483.010(a)-(d).  Moreover, the Court must also find: (1) the claim upon which attachment is based is one upon which an attachment may be issued; (2) the plaintiff established the probable validity of the claim upon which the

4

1  attachment is based; (3) the attachment is not sought for a
2  purpose other than recovery on the claim upon which the
3  attachment is based; and (4) the amount to be secured by the
4  attachment is greater than zero.  Cal. Code Civ. Proc §
5  484.090(a)(1)-(4).
6      B.   Analysis
7      Plaintiff seeks to attach a total of $6,432, 291 from
8  Defendants--$6,427,291 for anticipated losses, plus $5,000 in
9  anticipated attorneys' fees.  Attach Order at 2.  Defendants'
10 oppose attachment, arguing Plaintiff's application does not
11 comply with California law because: (1) the claim amount is not
12 "fixed or readily ascertainable," (2) Plaintiff has not
13 established the probable validity on its breach of contract
14 claim, and (3) Plaintiff has not met its burden of proof in
15 establishing that its claim against Mary Conkey arises out of
16 her "continuous" activity in connection with a trade or
17 business.  Opp'n at 3.  The Court finds Plaintiff's Applications
18 fail because Plaintiff had not established the probable validity
19 of the claim at the time the Applications were filed.
20     To establish the "probable validity" of the claim, the
21 applicant must show "it is more likely than not" that it will
22 obtain a judgment against the defendant on its claim.  Cal. Code
23 Civ. Proc. § 481.190.  Here, Plaintiff's collateral demand was
24 premature and therefore did not establish that there was a
25 breach of contract.
26     At the hearing, Plaintiff argued the indemnity agreement
27 requires Defendants to indemnify them not just for claims that
28 have been made, but also for any claims that may be made.  But

5

1  the term "may" is nowhere to be found in the agreement's
2  indemnity clause.  Instead, the indemnity provision states in
3  relevant part:

4  > (3) In enforcing any of the terms, covenants and conditions of this Agreement . . . Payment by reason
5  > of the aforesaid causes shall be made to the Surety by the Undersigned, upon demand by the Surety, <u>as soon as
6  > liability exists or is asserted against</u> the Surety, whether or not the Surety shall have made any payment
7  > therefor.

8  Attach Order Memo at 3 (emphasis added).  Thus, the plain
9  language of the agreement makes clear that liability needed
10 to exist <u>before</u> Plaintiff made its collateral demand on
11 December 3, 2019.  Id.  As Defendants correctly argued, no
12 liability actually existed at that time.

13 Plaintiff relied instead on a letter from Noresco
14 stating it was considering declaring default on November 21,
15 2019 and from alleged admissions by JRCA concerning
16 anticipated project losses and past due balances.  Reply at
17 5.  But these events merely supported the inference that
18 liability <u>could</u> exist—not that it presently existed.  In
19 fact, Noresco did not actually make a claim against the bond
20 until January 13, 2020—more than a month after Plaintiff's
21 collateral demand.  Opp'n at 11.  And while Plaintiff states
22 Rovanco Piping Systems, Inc. made a claim for $2,382, 665.01
23 on December 3, 2019, Plaintiff did not include that letter
24 in their demand or in their attachments to this suit.
25 Attach Order Memo at 4.  The evidence therefore does not
26 support Plaintiff's argument that it was aware of this claim
27 prior to making its collateral demand on Defendant.  And
28 even if Plaintiff had been made aware of that claim prior to

6

demanding collateral, the amount Rovanco claimed is more than $3,000,000 less than what Plaintiff sought in its collateral demand letter. Opp'n at 8.

Accordingly, Plaintiff's collateral demand was premature—there was no breach of contract. Hanson v. Fox, 155 Cal. 106, 108 (1909) (Finding plaintiff's attempt to hold defendant "in default by a tender made in advance of the tine, and circumstances, not contemplated by contract . . . was unavailing and nugatory."). Plaintiff's Applications are therefore DENIED. All other arguments made in the briefs are moot and need not be addressed by the Court.

### III.   ORDER

For the reasons set forth above, the Court DENIES Plaintiff's Applications for Right to Attach Orders.

IT IS SO ORDERED.

Dated:  July 7, 2020

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

7